UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE OSBORNE,<br><br>        Plaintiff,<br><br>    v.<br><br>TRACY POLICE DEPARTMENT, et al.,<br><br>        Defendants. | No.  2:20-cv-1805-JAM-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S IFP APPLICATION<br><br>(ECF Nos. 9, 12.) |

Plaintiff, who is proceeding without counsel in this action, alleges multiple causes of action against numerous officers of the Tracy Police Department.[1]  (ECF No. 8.)  Currently before the court are:  (I) plaintiff's motion to proceed in forma pauperis ("IFP") (ECF No. 9); and (II) defendants' motion to dismiss (ECF No. 12.).  The court now recommends:

(I)      Plaintiff's motion to proceed IFP should be denied; and
(II)     Regarding defendants' motion to dismiss:
      (A)     plaintiff's Section 1983 claims should be dismissed because plaintiff has failed to assert plausible facts to state any claims, but leave to amend be granted on her claims against individual officers;
      (B)     plaintiff's state-law claims should be dismissed with prejudice, as she failed to file a notice of tort claim within 6 months of the alleged incident; and
      (C)     plaintiff's Title VII claim should be dismissed with prejudice as

---

[1] This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21) for the issuance of findings and recommendations.

1

frivolous.

**BACKGROUND**[2]

Plaintiff alleges that on June 14, 2019, Officer Calvache of the Tracy Police Department applied some manner of force against plaintiff, in the presence of Tracy P.D. Sargeant Hicks and Officers Clayton, Acevedo, and Perry. (ECF No. 8 at 9.)  Plaintiff allegedly blacked out and the officers left plaintiff in her apartment complex. (Id.)  At some point thereafter, some unnamed assailant allegedly sexually assaulted plaintiff. (Id.)  When plaintiff called Tracy P.D. for help, no officers responded, and the operators allegedly prevented plaintiff from "responding while calling 911." (Id.)  Plaintiff then went to a neighbor's apartment. (Id.)  Eight Tracy P.D. Officers arrived (Sgt. Hicks, Sgt. Muir, and Officers Calvache, Clayton, Weyant, Perry, Azevedo, and Pederson), and plaintiff was arrested. (Id.)  At the station, dispatchers Umpad, Sheivin, Allen, and Quiros did not respond to plaintiff's pleas for help. (Id. at 10.)  Plaintiff was also ignored by Hicks, Clayton, and Calvache. (Id.)  Officer Clayton wrote an incident report, which was signed by Sgt. Hicks and Muir. (Id.)

Plaintiff filed claims against numerous officers in California state court, and on September 8, 2020, defendants removed to this court. (See ECF No. 1.)  After defendants moved to dismiss, plaintiff filed a first amended complaint ("1AC") within 21 days. (ECF No. 8.)  The 1AC lists four "counts" under 42 U.S.C. § 1983 for "unreasonable search and seizure," "violation of declaration of rights," "deprivation of life, liberty or property without due process of the law and equal protection of the law," and "freedom of speech." (Id. at 10.)  It also lists "counts" for false arrest/false imprisonment, assault and battery, "bystander liability and supervisory liability," conversion, trespass to property, malicious prosecution, defamation, intentional infliction of

---

[2] The facts herein are from the first amended complaint (ECF No. 8), with the exception of the year on which the alleged encounter occurred, which comes from the original complaint (ECF No. 1-1 at 5.) These facts are construed in the light most favorable to plaintiff—the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). However, though the court repeats some of plaintiff's conclusory statements from the complaint, these assertions are ultimately not relied upon. "Conclusory assertions" cannot be relied upon to overcome a motion to dismiss for failure to state a claim. Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009) (In deciding a motion to dismiss for failure to state a claim, the court need not rely on "legal conclusions merely because they are cast in the form of factual allegations.").

emotional distress, negligence, and three Cal. Penal Code sections for perjury (Section 118), false reports (Section 118-1) and False Imprisonment (Section 236).  (Id. at 10-11.)  Finally, the 1AC lists a "count" under Title VII of the Civil Rights Act of 1964.  (Id. at 11.)  Plaintiff prays for compensatory damages of $200,000 for medical bills, loss of income, pain and suffering, and punitive damages of $275,000 plus $25,000 from each defendant.  (Id. at 12.)  The 1AC also lists as relief sought "injunction," "declaration," attorney fees, and "personal capacity."  (Id.)

Defendants moved to dismiss the 1AC, setting the matter for an October 29, 2020 hearing.  (ECF No. 12.)  Additionally, plaintiff moved to proceed in forma pauperis.  (ECF No. 9.)  Both matters were taken under submission after the October 29 hearing.

**DISCUSSION**

**I.     Plaintiff's Motion to Proceed In Forma Pauperis**

Federal law authorizes the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees.  28 U.S.C. § 1915.  Here, plaintiff filed in California state court, and when defendants removed to this court, they paid the applicable filing fee.  Thus, plaintiff's motion to proceed in forma pauperis, so as to avoid the filing fee, is moot.  See, e.g., Neighbors v. Kemp, Civ S-06-1611 DFL EFB, 2006 WL 3486829, at *1 (E.D. Cal. Dec. 1, 2006) (denying plaintiff's motion for IFP status as moot where action filed in state court but defendants paid filing fee upon removal to federal court).

Further, the court notes that, given plaintiff's affidavit, in forma pauperis status would have likely been denied on the merits, as she indicated her gross wages are $1,800.00 per month ($21,600.00 annually).  According to the United States Department of Health and Human Services (https://aspe.hhs.gov/poverty-guidelines), the poverty guideline for a household of one not residing in Alaska or Hawaii is $12,760.00 for 2020.  Thus, plaintiff's gross household income is almost double the poverty guideline.  To be sure, the Court is sympathetic to the fact that plaintiff does not have a large income by any measure, and that plaintiff also has several expenses to contend with.  However, numerous litigants in this Court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and

litigating an action in federal Court.  Such difficulties in themselves do not amount to indigency.

## II.    Defendants' Motion to Dismiss

Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief."  Rule 8(d)(1).  Each allegation must be simple, concise, and direct.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

Under Rule 12(b), a defendant may present certain defenses to claims raised in a pleading.  One such defense tests whether a complaint has "fail[ed] to state a claim upon which relief can be granted."  Rule 12(b)(6).  This challenge tests whether the complaint lacks either a cognizable legal theory or sufficient facts to support a cognizable legal theory.  Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).

In evaluating whether a complaint states sufficient facts on which to base a claim, all well-pleaded factual allegations are accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the complaint must be construed in the light most favorable to the non–moving party, Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations."  Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  Thus, to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  Simply, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).  Plausibility means pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Id.

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, leave to amend need not be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Analysis

**A. Plaintiff fails to state sufficient plausible facts to state any Section 1983 claims.**

Plaintiffs' complaint asserts claims under 42 U.S.C. § 1983 for alleged violations of her First, Fourth, and Fourteenth Amendment constitutional rights. She asserts these claims against the Tracy Police Department and ten of its officers/employees. (See ECF No. 8 at 8.) Even construing the complaint liberally, plaintiff has failed to state sufficient plausible facts to support any civil rights claims against these officers or the department.

1. Claims against Individual Officers

Title 42 U.S.C. Section 1983 provides a cause of action for the deprivation of "rights, privileges, or immunities secured by the Constitution or laws of the United States" against a person acting "under color of any statute, ordinance, regulation, custom, or usage." Gomez v. Toledo, 446 U.S. 635, 639 (1980). "Section 1983 is not itself a source of substantive rights; rather it provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393–94 (1989). Thus, to state a claim for relief under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law; and (2) caused a plaintiff to be deprived of a right secured by the Constitution or laws of the United States. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009). An officer "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa Cty., 693

F.3d 896, 915 (9th Cir. 2012) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743-44 (9th Cir. 1978)). The causation inquiry "must be <u>individualized</u> and focus on the duties and responsibilities of <u>each</u> individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis added)

Here, the 1AC generally references four separate encounters with Tracy P.D. officers. (<u>See</u> ECF No. 8 at 9-10.) The first appears to have involved Officers Calvache, Hicks, Clayton, Acevedo, and Perry at her apartment complex. The second involves some unnamed officers who received plaintiff's 911 calls. The third involves officers Hicks, Muir, Calvache, Clayton, Weyant, Perry, Azevedo [sic], and Pederson outside a neighbor's apartment. The fourth involves Officers Umpad, Sheivin, Allen, Quiros, Hicks, Clayton, and Calvache while plaintiff was at the Tracy police station. However, the 1AC merely generally describes, in a sentence or two, each of these encounters, and plaintiff often relies on conclusory language to describe the encounters. (<u>See, e.g.</u>, ECF No. 8 at 9:14-15, stating that "[Officer] Calvache used undue, unreasonable forces and/or excessive force (assault and battery) . . . .") This is insufficient for pleading purposes. <u>See, e.g.</u>, <u>Pangborn v. Baudino</u>, 2015 WL 13764940, at *6 (C.D. Cal. Dec. 29, 2015) ("Plaintiff's conclusory allegations that defendants Jarvis and Avalos grabbed plaintiff with "excessive force" and that "[n]umerous [unspecified] deput[ies]" had pinned plaintiff on the floor . . . are insufficient to state a civil rights claim under Section 1983."). To state a claim, plaintiff must allege sufficient facts as to <u>each</u> officer's actions at <u>each</u> encounter. Section 1983 allegations are incredibly fact-intensive, and so the more details plaintiff can provide in her complaint regarding each officer's actions, the easier it will be for the court and defendant to understand the nature of plaintiff's claims.

Given that the 1AC simply lacks sufficient factual matter to state a claim against any of the individual officers, the court will pause its inquiry here and grant plaintiff leave to amend her complaint. Plaintiff is advised that, if she elects to amend her Section 1983 claims against any of these officers, she must state particular facts about that officer's actions and connect it to the constitutional deprivation alleged (i.e. excessive force, due process, free speech, etc.). Failure to do so will result in another dismissal—most likely without leave to amend.

   2. <u>Claims against the Tracy Police Department</u>

"[L]ocal-government entities are considered 'persons' under Section 1983 and therefore may be liable for causing a constitutional deprivation." <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 690-91 (1978). In California, police departments are independently suable public entities. <u>See</u> <u>Streit v. Cnty. of L.A.</u>, 236 F.3d 552, 565 (9th Cir. 2001). However, these entities are only liable "for injuries that arise from an official policy or longstanding custom." <u>Monell</u>, 436 U.S. at 694. To raise a <u>Monell</u> claim, a plaintiff must allege facts in a complaint "that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." <u>Gillette v. Delmore</u>, 979 F.2d 1342, 1346 (9th Cir. 1992) (per curiam) (citations omitted). In addition, a plaintiff must allege facts demonstrating that the policy was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." <u>Trevino v. Gates</u>, 99 F.3d 911, 918 (9th Cir. 1996).

Plaintiff's complaint, as written, is devoid of any facts indicating a viable <u>Monell</u> claim exists. The 1AC merely names "Tracy Police Department" as a defendant, which is insufficient to state a claim. <u>See, e.g.</u>, <u>Morrison v. City of Los Angeles</u>, 2019 WL 3017762, at *6 (C.D. Cal. July 10, 2019). Further, at the hearing it became clear that plaintiff has no facts to support a contention that an unconstitutional policy, practice, or custom exists, and conclusory assertions will not support a claim. <u>See, e.g.</u>, <u>Estate of Mendez v. City of Ceres</u>, 390 F. Supp. 3d 1189, 1207 (E.D. Cal. 2019) ("Plaintiffs have only included one conclusory statement—that the Doe defendants who shot Carmen or failed to intercede 'were inadequately . . . disciplined' as a result of 'lack of proper training, pursuant to policy, or the result of the lack of policy.' That one statement is not sufficient to support a claim that Defendants have adopted an unconstitutional practice or custom of inadequate discipline [for] excessive force."). For this reason, the court recommends dismissal of any Monell-style claim against the Tracy Police Department with prejudice.

////

////

**B. Plaintiff's state-law claims are barred by Cal. Gov. Code Section 911.**

Reviewing the remainder of plaintiff's list of claims in the 1AC, they also appear tied to the June 14, 2019 events.  (See ECF No. 8 at 10-11.)  However, as defendants point out, the key difference between plaintiff's Section 1983 claims and the state-law claims lies in California's requirement that any "claim relating to a cause of action for . . . injury to person or to personal property . . . shall be presented . . . not later than six months after the accrual of the cause of action."  Cal. Gov. Code § 911.2; see also, e.g., Radocchia v. City of Los Angeles, 479 Fed. Appx. 44, 45 (9th Cir. 2012) (noting the applicability of California's six-month deadline for any state-law claims brought in federal court).  In general, a cause of action accrues when the plaintiff "suspects or should suspect that the injury was caused by someone's wrongful act."  Brandon G. v. Gray, 111 Cal. App. 4th 29, 35 (2003).  As a California court of appeal recently reminded:

> Only after the public entity's board has acted upon or is deemed to have rejected the claim may the injured person bring a lawsuit alleging a cause of action in tort against the public entity.  The failure to timely present a claim to the public entity bars the claimant from filing a lawsuit against that public entity.  The purpose . . . is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.

Le Mere v. Los Angeles Unified Sch. Dist., 35 Cal. App. 5th 237, 246 (2019) (cleaned up).

Here, plaintiff recites a list of the following causes of action at the end of her 1AC:  false arrest/false imprisonment, assault and battery, "bystander liability and supervisory liability," conversion, trespass to property, malicious prosecution, defamation, intentional infliction of emotional distress, negligence, and three Cal. Penal Code sections for perjury (Section 118), false reports (Section 118-1) and False Imprisonment (Section 236).  (ECF No. 8 at 10-11.)  However, the record contains no indication plaintiff presented any of these claims to the city within six months of June 14, 2019.  (See ECF Nos. 1, 8.)  When the court inquired as to whether plaintiff submitted claims, she indicated she has done so, but only did so long after the six-month deadline, as she was unaware of the deadline.  See Martin v. City of Madera, 265 Cal. App. 2d 76, 79 (1968) ("Mere ignorance of the law, at least where coupled with negligence in failing to look it up, is not sufficient cause to allow a petitioner to file a late claim against a public entity.").

Thus, even if plaintiff were to provide facts to support these claims, they would be time-barred under California law.  See Ridley v. City and County of San Francisco, 272 Cal. App. 2d 290, 291-92 (1969) (dismissing state law claims for battery, false arrest and imprisonment by police officers where plaintiffs failed to present these causes of action to the city within the prescribed time limits); see also, e.g., Gallardo v. DiCarlo, 203 F. Supp. 2d 1160, 1169 (C.D. Cal. 2002) (assault and battery claims dismissed for failing to follow Section 911.2); V.C. v. Los Angeles Unified School Dist., 139 Cal. App. 4th 499, 509 (2006) (same result for negligence claim); General Sec. Services Corp. v. County of Fresno, 815 F. Supp. 2d 1123, 1142-44 (E.D. Cal. 2011) (conversion, same result); Meester v. Davies, 11 Cal. App. 3d 342, 348 (1970) (malicious prosecution, same result); Shively v. Bozanich, 31 Cal. 4th 1230, 1237 (2003) (defamation action accrues when defendant communicates defamatory statement to others); Ramachandran v. City of Los Altos, 359 F. Supp. 3d 801, 816 (2019) (intentional infliction of emotional distress claim dismissed for failure to follow Section 911 time limits); Willis v. City of Los Angeles, 57 Fed. Appx. 283, 289 (9th Cir. 2002) (construing plaintiff's allegations of perjury and filing false police reports under the penal code as "torts in essence," which required presentation of claims to city before suit was filed).

Plaintiff also asserted that her state-law claims should not be time-barred due to delayed discovery.  (ECF No. 18.).  This doctrine generally allows an accrual date to be delayed "until the plaintiff is aware of his or her injury and its cause." Brandon G. v. Gray, 111 Cal. App. 4th 29, 35 (2003).  However, the court sees no plausible application of this doctrine here, as plaintiff's case concerns her allegations of personal injury by officers of the Tracy P.D.  See Ovando v. City of Los Angeles, 92 F. Supp. 2d 1011, 1023 (C.D. Cal. 2000) (noting that in personal injury cases, a cause of action typically accrues at the time of injury).  At the hearing, plaintiff asserted she blacked-out during the encounter in June, but also appears to have generally been aware of the encounter with Tracy P.D. in June.[3]  Thus, all state-law claims alleged in plaintiff's complaint

---

[3] Should plaintiff believe the court has misconstrued either her factual assertions regarding the submission of her claims to the city within 6 months, or her legal assertions regarding the delayed discovery issue, she may address those via any objections to these findings and recommendations.

should be dismissed with prejudice. Cahill, 80 F.3d at 339 (if amendment would be futile, leave to amend need not be given).

### C. Plaintiff's "Title VII" claim should be dismissed with prejudice as frivolous.

Finally, plaintiff cites in her list of claims "Title VII of the Civil Rights Act of 1964." (ECF No. 8 at 1.) However, this statute generally concerns discrimination in employment against a plaintiff "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Plaintiff has not alleged she was employed, or was seeking employment, with the police department. Accordingly, the court recommends the Title VII claim be dismissed with prejudice as frivolous. See Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (finding appropriate district court's dismissal of "wholly frivolous" claims) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974))

### STANDARDS FOR AMENDMENT.

In order for plaintiff to amend her Section 1983 claims against the individual officers, she must file a new complaint that shall:

i. be captioned "Second Amended Complaint";
ii. be limited to 20 pages (excluding any appended exhibits), with either legible handwriting or text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the 20-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
iii. list the specific acts that each officer took in allegedly violating plaintiff's rights;
iv. refrain from alleging any conclusory factual allegations (i.e. "Officer X used unreasonable force") or redundant/immaterial/scandalous matters;
v. include a general background facts section to orient the reader only as necessary;
vi. include her statements for jurisdiction, venue, and relief sought;
vii. address any other pleading deficiencies outlined in Section A.1. above; and
viii. be filed within 21 days after the district judge has issued an order on these findings and recommendations.

Plaintiff is informed that the Court cannot refer to a prior complaint or other filing in order to make Plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a second amended complaint. If she

determines that she is unable to amend her complaint to state a viable claim in accordance with her obligations under Federal Rule of Civil Procedure 11, she may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  <u>This includes dismissal against any individual officer against whom she has no evidence of a constitutional violation</u>.  This voluntary dismissal should be filed within 21 days of the district court's order on these findings and recommendations. However, if plaintiff elects to proceed with this action in federal court, she is encouraged to familiarize herself with this court's Local Rules (available at http://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/) and the Federal Rules of Civil Procedure.  Although the court is sympathetic to the difficulties faced by pro se litigants in litigating their cases in federal court, and liberally construes their pleadings, pro se litigants are expected to comply with all procedural rules and court orders.

**RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 9) be DENIED as moot;
2. Defendants' motion to dismiss (ECF No. 12) be GRANTED;
3. The state-law, Title VII, and <u>Monell</u> claims be DISMISSED WITH PREJUDICE;
4. The Section 1983 claims be DISMISSED WITHOUT PREJUDICE; and
5. Plaintiff be granted 21 days from the date of the district court's order to amend her Section 1983 claims against the individual officers, using the above pleading standards.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time frame may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  <u>Wilkerson v. Wheeler</u>, 722 F.3d 834, 839 (9th Cir. 2014).

Dated:  October 30, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE